UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

DAVID LILES                                             **MEMORANDUM & ORDER**

            Petitioner,

    - against -                                          00-CV-5756 (TCP)

LEONARD PORTUONDO,

            Respondent.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

PLATT, District Judge

      Petitioner moves this Court under Rule 60(b)(6) of the Federal Rules of Civil Procedure to vacate and set aside its judgment denying Petitioner's petition for a writ of habeas corpus. Petitioner contends that this Court violated Petitioner's right to an impartial adjudication of his habeas petition when the Court made a preliminary decision, prior to receiving Respondent's answer, that Petitioner's petition would be decided "on the papers." Petitioner contends that this Court's actions amount to a violation of Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts. For the following reasons, the motion is **DENIED**.

      A Rule 60(b) motion allows a party to seek relief from a final judgment under a limited set of circumstances including mistake, fraud, or newly acquired evidence. Gonzalez v. Crosby, 545 U.S. 524, 528 (2005). It allows a petitioner to attack "some defect in the integrity of the federal habeas proceedings" but not the substance of the Court's resolution on the merits. Id. at 532; see also Harris v. U.S., 367 F.3d 74, 77 (2d Cir. 2004). Here, Petitioner contends that this Court transgressed Rule 8(a) of the Rules Governing Section 2254 Cases in the United States

1

District Courts when it stated, prior to receiving Respondent's answer, that the Petitioner's petition for a writ of habeas corpus would be decided "on the papers." Petitioner concludes that the alleged violation "undermined the integrity of the federal proceedings causing extreme and undue hardship" upon the Petitioner.

Rule 8(a) requires judges to review certain documents to determine whether to hold an evidentiary hearing in Section 2254 cases "if the petition is not dismissed." RULES GOVERNING SECTION 2254 CASES IN THE U.S. DISTRICT COURTS 8(a). The Rule provides:

> If the petition is not dismissed, the judge must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted.

Id. Rule 8(a) is applicable only if the petition has not been dismissed at an earlier stage in the proceeding, including a dismissal after the answer and petition are considered. RULES GOVERNING SECTION 2254 CASES IN THE U.S. DISTRICT COURTS 8(a) Advisory Committee's Note.

Here, Petitioner relies on an Order entered by this Court on October 3, 2000, which set forth various submission deadlines and stated that the petition would be decided "on the papers." Petitioner's reliance on this Order is misplaced. Petitioner submitted his petition for a writ of habeas corpus on September 18, 2000. Respondent submitted opposition papers on December 22, 2000, and Petitioner submitted his reply papers on the same date. After a careful review of the State Court record, the petition for writ of habeas corpus, the response in opposition, and the Petitioner's reply, this Court denied Petitioner's petition for a writ of habeas corpus by Order dated January 5, 2001. Since Petitioner's petition was dismissed, an evidentiary hearing was not necessary. Therefore, Rule 8 of the Rules Governing Section 2254 Cases in the United States

District Courts, which applies only to evidentiary hearings, is irrelevant.

For the foregoing reasons, Petitioner's motion under Rule 60(b)(6) is **DENIED**.

/s/

Thomas C. Platt, U.S.D.J.

Dated: Central Islip, New York

October 30, 2007